[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is hereby assigned to the accelerated calendar.
At a hearing on September 29, 1997, appellant Tricia Braden entered a plea of guilty to one count of forgery, in violation of R.C. 2913.31(A)(2). By journal entry dated October 2, 1997, the trial court sentenced appellant to serve a prison term of eight months. Additionally, the trial court informed appellant that the parole board could increase her sentence up to fifty percent should she commit a crime in prison, and if she violated post-release conditions, an additional time sanction could be imposed.
According to the record before us, appellant has not yet had her prison sentence extended for "bad time" pursuant to R.C.2967.11. Further, appellant has not yet completed her original term of imprisonment to be subject to sanctions for violating post-release control conditions under R.C. 2967.28. Appellant now appeals setting forth five assignments of error challenging the constitutionality of R.C. 2967.11, the sentencing statute which provides for "bad time", and R.C. 2967.28, which provides sanctions for violating post-release control after release from imprisonment.
Appellant's five assignments of error are found not well-taken on the authority of this court's decision in State v.Somerlot (Jan. 23, 1998), Erie App. No. E-97-002, unreported. Accord, State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.